CARMELO POLANCO, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1255. Submitted November 7, 1949.—Decided December 23, 1949.

---

*Rafael A. Saliva* for appellant. The Registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

María Ignacia González Vila, married to Carmelo Polanco, appellant herein, died intestate on May 17, 1944. The District Court of Mayagüez declared as her sole and universal heirs the seven children born in marriage, and the widower, in the usufructuary share according to law. Among other properties, the community partnership herein was the owner of a farm of 28.62 acres (*cuerdas*) located in Mayagüez which was recorded in the Registry of Property. On July 19, 1948 this property was recorded in favor of the children and the widower, by intestate inheritance as to the former, and as community property and usufruct as to the latter on condition that said recordation be subject to the liquidation of the community partnership which existed between Carmelo Polanco and María Ignacia González Vila. Subsequently, one of the children sold his share in the property to his father and, later on, the latter and the remaining children sold 14.67 acres to Juan Mari who sold them to César Manuel Jiménez. In all the recordations the same condition was set forth, to wit, that they were subject to the liquidation of the community partnership.

On January 12, 1949 Carmelo Polanco executed before Notary Rafael A. Saliva a deed which was entitled "Liquidation of Community Partnership." In the fourth clause of said deed the executing party set forth the following:

"*Fourth:* Mister Polanco declares that most of his children are abroad and as his deceased wife's inheritance has been liquidated, for the existing property has been sold and the heirs have received their share, and inasmuch as in the Registry of Property of Mayagüez a condition has been imposed on the rural property to the effect that it is subject to the liquidation of the community partnership aforementioned and since Mister Polanco wishes to cancel said condition in the Registry of Property he draws up this instrument in order to evince the fact that the only lien on the properties has been fully paid as appears from the Registry itself and at the same time it appears from said Registry that all the heirs sold their rights and received their share in said properties."

The Registrar denied the cancellation sought upon observing ". . . that only the widower Carmelo Polanco appears in this deed without in any manner whatever there appearing the consent which the heirs of María Ignacia González Vila should give, as indispensable parties in order to liquidate the community partnership which existed between Mister Polanco and his deceased wife, the proper cautionary notice for the legal term being entered instead. . ."

Appellant maintains that the decision should be reversed inasmuch as he proved to the respondent registrar that the community partnership had been liquidated, (1) for the reasons he set forth in the deed and (2) because he presented to the registrar the receipt issued by the Treasurer of Puerto Rico demonstrative of the fact that the inheritance tax on the properties bequeathed by his wife had been paid, which is tantamount to a liquidation of the community partnership.

■■ Appellant is wrong. The deed he executed, even though the notary entitled it "Liquidation of Community Partnership," cannot be considered as such liquidation, since the children of appellant and his deceased wife did not appear in said deed. The executing party's averments, no matter how true they may be, cannot by themselves constitute a liquidation of the properties belonging to the community partnership, and we must not forget that besides the farm

involved herein there was additional community property. Appellant's mere statement to the effect that all the debts of the community partnership have been paid is not sufficient either. The condition set forth by the registrar in all the recordations subject "to the liquidation is sufficient protection of third parties. By the same token, this protection cannot be withdrawn without proof of liquidation." *Olivencia* v. *Registrar*, 64 P.R.R. 207, 209. To the same effect, see *Pérez* v. *Registrar*, 62 P.R.R. 760, and cases therein cited.

As to the receipt showing that the inheritance tax on the properties of María Ignacia González had been paid into the treasury, it only proves said fact but it can in no way be considered, as the appellant intends, as proof that the community partnership was liquidated.

Appellant finally argues that if he is compelled to execute another deed together with his children, he would incur additional and unnecessary expenses since some of his children are absent. This is a question which can not be taken into consideration by the Registrar in classifying the documents presented to him for recordation, pursuant to our decision in *González* v. *Registrar, ante* p. 484.

The decision appealed from will be affirmed.